United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Insight Securities, Inc. and Intelligenics, Inc., Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-23864-Civ-Scola |
| Deutsche Bank Trust Company Americas, Defendant. | ) ) ) | |

### Order Denying Motion for Leave to Amend the Complaint

Previously, Plaintiffs Insight Securities, Inc. and Intelligenics, Inc., sought an extension of the deadline to amend their complaint the day before the deadline to do so expired. (ECF Nos. 29, 31.) In their motion, the Plaintiffs explained that they "anticipate[d] moving for leave to file a Second Amended Complaint based on information contained in . . . documents previously produced by Defendant," but were hampered in doing so based on confidentiality issues. (Pls.' Mot. for Ext. ¶ 5.) Accordingly, the Plaintiffs requested an extension of time to file their amended complaint, based on when the parties' agreed protective order would be entered. (*Id.*) The Court granted the Plaintiffs' request, in large part, allowing the Plaintiffs an extension as to any amendment that is "directly related to the documents or information that is subject to the contemplated protective order." (Order, ECF No. 32.) A week later, the stipulated protective agreement was filed (ECF No. 33) and, then, a week after that, the Plaintiffs filed the instant motion, for leave to file their second amended complaint (ECF No. 34). Defendant Deutsche Bank Trust Company Americas opposes the motion, submitting that the Plaintiff's "proposed amendment falls well outside the scope of the limited extension permitted by the Court." (Def.'s Resp., ECF No. 37, 2.) The Plaintiffs reply that their amended pleading complies with the Court's order. (Pls.' Reply, ECF No. 38.) After careful review, the Court concludes that at least some of the Plaintiffs' amended complaint is noncompliant. The Court, therefore, **denies** the Plaintiffs' motion for leave to amend, albeit **without prejudice**. (**ECF No. 34**.)

The Plaintiffs even acknowledge that at least some of their amended allegations were not, in fact, directly related to the documents and information subject to the parties' confidentiality agreement. For example, the Plaintiffs acknowledge that, in amending their pleading as to damages, they "merely attempt to correct an alleged pleading deficiency." (Pls.' Reply at 9.) Further, they defend their amendment involving allegations regarding a publicly available SEC cease-and-desist order as being "clearly related to Plaintiffs' claims," rather than

tying it directly to the documents subject to the confidentiality agreement. (*Id.* at 8–9.) It is clear, then, there are allegations added to the complaint that do not comply with the Court's order granting the Plaintiffs an extension of the deadline to amend.

Recognizing this, the Plaintiffs redirect their argument, relying on Federal Rule of Civil Procedure 15(a)(2) and contending that they "have established cause to amend their pleading," "leave to amend should be freely granted," and there will be no prejudice to Deutsche Bank occasioned by the amended pleading.  But the Plaintiffs' focus is misplaced. Where a party seeks leave to amend *after* the deadline to do so has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

Thus, even if the Court were to find that the Plaintiffs satisfy the Rule 15(a) standard, they fail to present the good cause necessary to justify the delay in seeking to amend their pleadings beyond the extension the Court has already afforded them. Accordingly, the Court denies the Plaintiffs' motion for leave to amend based on the proposed second amended complaint attached to their motion. On the other hand, the denial is without prejudice to the Plaintiffs' filing a renewed motion for leave to amend that complies with the Court's order granting them an extension to do so. Should the Plaintiffs still wish to amend their complaint, however, they must confer with Deutsche Bank regarding each proposed alteration. For any change Deutsche Bank opposes, on the basis that it does not comply with the Court's orders, the Plaintiffs, in their motion, must specifically identify the contested allegation along with the particular language from the document that was subject to the confidentiality agreement upon which they claim the new allegation is based.

If the Plaintiffs intend to renew their motion for leave to amend, they must notify the Court of that intention on or before **March 22, 2021**. Thereafter, the Plaintiffs must file their motion, after fully conferring with Deutsche Bank, on or before **March 29, 2021**.

**Done and ordered** in Miami, Florida, on March 18, 2021.

Robert N. Scola, Jr.
United States District Judge