United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Insight Securities, Inc. and Intelligenics, Inc., Plaintiffs, <br><br> v. <br><br> Deutsche Bank Trust Company Americas, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 20-23864-Civ-Scola <br> ) <br> ) <br> ) |

### Order Granting in Part and Denying in Part
### Renewed Motion for Leave to Amend the Complaint

Plaintiffs Insight Securities, Inc. and Intelligenics, Inc., seek, on a renewed basis, leave to amend their complaint. (Pls.' Renewed Mot., ECF No. 42.) Defendant Deutsche Bank Trust Company Americas opposes the request, complaining that, among other things, some of the new allegations the Plaintiffs included were added contrary to the Court's orders. The Court has reviewed the briefing, the record in this case, and the relevant legal authorities and agrees with Deutsche Bank that the Plaintiffs' renewed motion for leave to amend should be **denied**, although only **in part**. (**ECF No. 42**.)

Previously, the Plaintiffs sought an extension of the deadline to amend their complaint the day before the deadline to do so expired. (ECF Nos. 29, 31.) In their motion, the Plaintiffs explained that they "anticipate[d] moving for leave to file a Second Amended Complaint based on information contained in . . . documents previously produced by Defendant," but were hampered in doing so based on confidentiality issues. (Pls.' Mot. for Ext. ¶ 5.) Accordingly, the Plaintiffs requested an extension of time to file their amended complaint, based on when the parties' agreed protective order would be entered. (*Id.*) The Court granted the Plaintiffs' request, in large part, allowing them an extension as to any amendment "*directly related to the documents or information that is subject to the contemplated protective order.*" (Jan. 8 Order, ECF No. 32 (emphasis added).)

A week later, the stipulated protective agreement was filed (ECF No. 33) and, then, a week after that, the Plaintiffs filed their first motion for leave to file their second amended complaint (ECF No. 34). The Court denied the motion, however, concluding that at least some of the new allegations in the Plaintiffs' amended complaint were noncompliant with the Court's direction. (Mar. 18 Order, ECF No. 40.)  As the Court explained, the Plaintiffs included allegations that were not directly related to the documents or information subject to the parties' confidentiality agreement, contrary to the Court's January 8 order. (*Id.*) That denial, however, was without prejudice to the Plaintiffs' trying one more

time to amend their complaint as directed. In an attempt to simplify the process, as well as to eliminate any confusion, the Court ordered the parties to confer regarding the Plaintiffs' proposed additions to the complaint, requiring the Plaintiff to "specifically identify" any contested allegations "along with the particular language from the document that was subject to the confidentiality agreement upon which [the Plaintiffs] claim the new allegation is based." (Mar. 18 Order at 2.)

The parties were successful in paring down much of their disagreement, with the Plaintiffs' agreeing to withdraw certain allegations that Deutsche Bank found objectionable and Deutsche Bank's acquiescing to retracting its objections to a number of the Plaintiffs' other new allegations. (Pls.' Renewed Mot. ¶¶9–10; Def.'s Resp. at 6.) Nonetheless, points of conflict remain, with Deutsche Bank's maintaining its opposition to the inclusion of proposed allegations which make up the Plaintiffs' new causes of action for conversion (Renewed Prop. 2nd Am. Compl. ¶¶ 110–22, ECF No. 42-1) and fraud (*id.* ¶¶ 139–49), as well as those paragraphs that add allegations of gross negligence to the Plaintiffs' previously asserted negligence claim (*id.* ¶¶ 133–38).

The Plaintiffs insist these proposed allegations, asserting the additional theories of gross negligence, conversion, and fraud "rely[] on the Confidential Information, which was only usable by the Plaintiff after a confidentiality stipulation was entered in this case." (Pls.' Reply at 2.) They repeatedly maintain "[t]he new theories are now supported by the Confidential Information." (*E.g., id.* at 3, 4 ("[Deutsche Bank's argument that Plaintiffs fail to tie the allegations contained within the proposed [second amended complaint] to the Confidential Information is misguided."), 7–8 ("the confidential Documents reveal [Deutsche Bank's] intentional misconduct, and support the new allegations of gross negligence and new claims of conversion and fraud, all of which can be inferred from those documents."); Pls.' Renewed Mot. at 3 ("Plaintiffs assert that [they] now ha[ve] clear factual support to assert additional causes of action for conversion and fraud, and to include in the negligence count allegations of gross negligence.").) The problem, though, with the Plaintiffs' proposal to include these allegations in their amended complaint, is that they fail to comply with the Court's order requiring specificity and, in so doing, fundamentally fail to carry their burden of establishing the good cause necessary to be excused from complying with the Court's amendment deadline.

To be sure, where a party seeks leave to amend *after* the deadline to do so has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P.

16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). As the Court previously explained, the standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

  To facilitate the Plaintiffs' being able to meet this standard, the Court ordered them to specify which allegations the parties did not agree to and, with respect to those contested allegations, to identify "the particular language from the document that was subject to the confidentiality agreement upon which . . . the new allegation is based." (Mar. 18 Order at 2.) Despite this clear prompting, the Plaintiffs failed to comply. Instead, the support they provide is vague and generalized, failing to identify any particular language from any of the confidential documents upon which they say their new allegations are based. For example, they say that "[t]he Confidential Documents reveal that the Defendant's actions rose above mere negligence in accepting the securities" (Pls.' Mot. at 4) and that the renewed proposed amendment "includes allegations directly related to and learned from the Confidential Documents" (*id.*). The Plaintiffs repeatedly maintain that the allegations of gross negligence, conversion, and fraud all "directly relate[] to the new facts plead[ed] based on the Confidential Documents." (*Id.* at 5–6.) This is all far from the specificity ordered by the Court and results in the Court's finding that the Plaintiffs have failed to meet their burden of establishing the good cause required by Rule 16(b). Instead, their repeated generic references to the confidential documents, as a whole, leave the Court unable to discern the specific documents or newly pleaded facts that support the contested allegations. And, without that information, the Court is unable to determine whether the Plaintiffs were prevented from timely amending their complaint despite their diligence.

  Aside from this failing, however, the Court finds the Plaintiffs have otherwise established, supported by Deutsche Bank's agreement, the good cause necessary to support their other proposed amendments. The Court thus disagrees with Deutsche Bank that the Plaintiffs' renewed motion should be denied in its entirety. Accordingly, the Court **grants** the Plaintiffs' renewed

motion for leave to amend **in part**, as to all of the new allegations which the parties agree are demonstrably based on specific confidential documents. On the other hand, the Court **denies** the motion **in part** (**ECF No. 42**), as to the contested allegations, identified as paragraphs 110–122 and 133–149 in docket entry 42-2, Exhibit B (ECF No. 42-2, 27–30, 32–35). The Court thus directs the Plaintiffs to file their second amended complaint, in conformance with the above, as a separate docket entry, on or before **May 5, 2021**.

Based on the anticipated amended pleading, the Court **denies** Deutsche Bank's motion to dismiss (**ECF No. 22**) **as moot**. The Plaintiffs' amended pleading will moot the motion to dismiss the prior pleading. *See Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) (noting that when the plaintiffs amended their complaint the defendants' motion to dismiss became moot).

**Done and ordered** in Miami, Florida, on May 4, 2021.

_____
Robert N. Scola, Jr.
United States District Judge